[Crim. No. 3091. Third Dist. Sept. 3, 1970.]

THE PEOPLE, Plaintiff and Respondent, v.
ALEX SAMUEL ANDERSON, Defendant and Appellant.

## COUNSEL

Thomas C. Lynch, Attorney General, and Don Jacobson, Deputy Attorney General, for Plaintiff and Respondent.

Alex Samuel Anderson, in pro. per., for Defendant and Appellant.

## OPINION

**THE COURT.**—The Attorney General has transmitted to us an order of the United States District Court for the Northern District of California

granting Alex S. Anderson's petition for habeas corpus and directing the Superintendent of California Men's Colony, West, at Los Padres to produce the petitioner before that court unless within 60 days the State of California reinstates his appeal. The Attorney General has accompanied this order with a letter requesting this court to recall the remittitur this court issued in 1961 and to reinstate Anderson's appeal.

In 1959 Anderson appeared in a municipal court with counsel, the Public Defender of Sonoma County, in response to a complaint charging him with two sexual offenses. He was at that time on probation, having been convicted of a sexual offense in 1956. In the municipal court, one of the two charges was dismissed and a plea of guilty entered to the other. He was certified to the superior court which, after a probation report and psychiatric examination, committed him to a state hospital under California's then sexual psychopathy law. Several months later the hospital returned him to the court as one who could not benefit by hospital care and as a menace to the safety of others. The superior court then revoked his probation on the 1956 offense and sentenced him to concurrent terms of imprisonment for the 1956 and 1959 violations. Throughout the proceeding in the superior court he was represented by counsel, the Public Defender of Sonoma County.

Anderson appealed to this court from the judgment imposed in consequence of the 1959 conviction. We appointed counsel, who examined the trial court proceedings and filed with this court a so-called "no merit" letter. After an independent examination of the record, this court on February 3, 1961, affirmed the conviction. Our memorandum opinion is reported in *People* v. *Anderson,* 188 Cal.App.2d 856 [10 Cal.Rptr. 737].

Our affirmance of the appeal antedated *Anders* v. *California* (1967) 386 U.S. 738 [18 L.Ed.2d 493, 87 S.Ct. 1396], which invalidated the "no merit" letter procedure on constitutional grounds. Shortly after that decision, Alex Anderson filed with us a motion requesting reinstatement of his appeal. In effect he alleged a violation of the principle established in *Anders* v. *California.* In his petition he alleged no denial of counsel in the trial court, no facts indicating a coerced or fraudulently induced plea of guilty, nor did he suggest any error in the brief judicial proceedings following that plea. This court was at that time and is now thoroughly cognizant of its obligation to reinstate appeals when the *Anders* rule so demands. Nevertheless, we denied Alex Anderson's motion for reinstatement.

Anderson's habeas corpus petition to the federal district court attacked his 1959 conviction but not the 1956 conviction. In its order of July 30,

1970, granting habeas corpus, the district court decided Anderson's claims as follows:

(1) Anderson's 1959 plea of guilty was not induced by any government official (including by fair implication his attorney, the public defender), nor was it entered without knowledge of its consequences.

(2) If the judge or anyone else promised to commit Anderson to a hospital, that promise was fulfilled.

(3) Anderson's guilty plea was valid.

(4) Anderson was denied his right to counsel on appeal by reason of the "no merit" letter filed in this court.

It is evident that the federal district court's order is premised on the assumption that the 1961 "no merit" letter nullifies Anderson's appeal and invalidates the sentence imposed in 1959. This court shares with the district court the desire to provide Anderson and other accused or convicted persons their full measure of constitutional protections. We also desire that comity prevail between federal and state courts. We suggest that comity need not induce the pursuit of error nor judicial indulgence in abstract and meaningless activities. Comity does motivate the preparation of this opinion.

 There are several reasons why we decline to reinstate Anderson's appeal:

First: While represented by counsel, he was convicted on his plea of guilty, a plea which the United States District Court has found to be entirely valid. Under California law, where judgment has been entered on a plea of guilty, irregularities not going to the jurisdiction or legality of the proceedings will not be reviewed. (*Stephens* v. *Toomey* (1959) 51 Cal.2d 864, 870 [338 P.2d 182]; cf. Cal. Pen. Code, § 1237.5.)

Second: Notwithstanding this principle, a defendant who has pleaded guilty may assert on appeal that error has characterized the proceedings subsequent to his plea. (*People* v. *Delles* (1968) 69 Cal.2d 906, 909 [73 Cal.Rptr. 389, 447 P.2d 629].) We have re-examined the transcripts of the laconic judicial proceedings following Anderson's plea of guilty. These proceedings plainly conformed to California statutory procedures. Anderson has not claimed nor has the United States District Court found in these proceedings any hint of noncompliance with California law or federal constitutional demands.

Third: As to claims not revealed by the record and requiring extrinsic

inquiry (such as fraud, coercion, or crucially inadequate representation by trial counsel), Anderson did not assert, let alone exhaust, his remedies in this court. Such claims are ordinarily pursued in the state courts by means of habeas corpus or by a proceeding in the nature of *coram nobis.* The federal court, in any event, has found Anderson's claims of intrinsic fraud and error to be groundless.

Fourth: Decisions such as *Douglas* v. *California* (1963) 372 U.S. 353 [9 L.Ed.2d 811, 83 S.Ct. 814], and *Anders* v. *California, supra,* involved appeals after a trial of guilt in the trial court. Here, in contrast, there had been a plea of guilt. For present purposes, we assume that the *Anders* doctrine is fully applicable to appeals after a guilty plea. Had Alex Anderson's appeal followed instead of preceded the *Anders* decision, the "no merit' letter would have been inacceptable. ■ Constitutional error does not compel automatic reversal. ■ On the assumption that constitutional error occurred by reason of the "no merit" letter, it was harmless beyond a reasonable doubt. (*Chapman* v. *California* (1967) 386 U.S. 18, 24 [17 L.Ed.2d 705, 710-711, 87 S.Ct. 824].) It was harmless beyond a reasonable doubt because, on the face of the record, the guilty plea and subsequent proceedings were impeccably correct and because no collateral allegations have revealed the slightest ground for extrinsic inquiry. If this court were to reinstate the appeal and appoint counsel, the inevitable result would be an affirmance.

This court has an alarming backlog of substantial appeals, civil and criminal. We will not waste our time or state funds by indulging in the formalistic and empty ritual suggested by the order of the United States District Court and requested by the Attorney General. It is not within our province to suggest federal review of the district court's order. Should such review reveal error on our part, we shall promptly and unhesitatingly reexamine our position. The Attorney General's request for reinstatement of the appeal is denied.