[Crim. No. 14287. In Bank. Mar. 24, 1971.]

THE PEOPLE, Plaintiff and Respondent, v.
JACK FRANK ADAMS, Defendant and Appellant.

**430** 

## COUNSEL

Jack Frank Adams, in pro. per., and Herbert E. Selwyn, under appointment by the Supreme Court, for Defendant and Appellant.

Thomas C. Lynch, Attorney General, and Philip C. Griffin, Deputy Attorney General, for Plaintiff and Respondent.

## OPINION

**MOSK, J.**—Jack Frank Adams was convicted on three counts of kidnaping for the purpose of robbery (Pen. Code, § 209), two counts of first degree robbery (Pen. Code, § 211), and one count each of assault with force likely to produce great bodily injury (Pen. Code, § 245) and assault with intent to commit murder (Pen. Code, § 217). It was found that Adams was armed at the time of the commission of the offenses. In June 1969 in an unpublished opinion by the Court of Appeal the judgment was modified by limiting the finding regarding being armed to the counts other than those charging robbery, and as thus modified the judgment was affirmed. In August 1969 we denied a petition for hearing, and in November 1969 certiorari was denied. In December 1969 Adams filed an application with the Court of Appeal for recall of the remittitur, presenting the sole contention that his case should be reconsidered in the light of *People* v. *Daniels* (1969) 71 Cal.2d 1119 [80 Cal.Rptr. 897, 459 P.2d 225]. The application was denied, and we granted a petition for hearing and transferred the application to this court.

In the course of robbing a liquor store, Adams and his companion caused two employees to move about the room and to a rear storage area; thereafter, in robbing a service station, they caused an employee to lie on the floor in the lube room. These movements were merely incidental to the robberies and did not substantially increase the risk of harm beyond that inherent in the robberies themselves. (*People* v. *Daniels* (1969) *supra,* 71 Cal.2d 1119, 1139.)

For the reasons stated in *People* v. *Mutch, ante,* p. 389 [93 Cal.Rptr. 721, 482 P.2d 633], Adams was therefore convicted of kidnaping to commit robbery under a statute which did not prohibit his acts at the time he committed them, and is entitled to a recall of the remittitur in his appeal and an order vacating the judgment on the kidnaping counts.

The cause is retransferred to the Court of Appeal for the Second Appellate District with directions to recall its remittitur in *People* v. *Adams,* Crim. 15100, and to issue a new remittitur vacating the judgment on counts II, III, and VI, and affirming the judgment on counts I, IV, V, and VII.

Tobriner, Acting C. J., Peters, J., and Kaus, J.,* concurred.

**SULLIVAN, J.**—For the reasons set forth in my concurring and dissenting opinion in *People* v. *Mutch, ante,* p. 389 [93 Cal.Rptr. 721, 482 P.2d 633], I concur in the majority's disposition of this case.

**BURKE, J.**—I dissent for the reasons set forth in my dissent in *People* v. *Mutch, ante,* p. 389 [93 Cal.Rptr. 721, 482 P.2d 633]. In my opinion the application for recall of the remittitur should be denied.

McComb, J., concurred.

Respondent's petition for a rehearing was denied April 22, 1971. Wright, C. J., did not participate therein. Kaus, J.,* participated therein. Burke, J., was of the opinion that the petition should be granted.

*Assigned by the Acting Chairman of the Judicial Council.