[Crim. No. 5666. Third Dist. Sept. 10, 1971.]

In re MANUEL VALENCIA MADRID on Habeas Corpus.

[Crim. No. 5736. Third Dist. Sept. 10, 1971.]

In re HORACE L. COMPTON on Habeas Corpus.

[Crim. No. 5775. Third Dist. Sept. 10, 1971.]

In re JAMES RAY THOMAS on Habeas Corpus.

## COUNSEL

Clyde M. Blackmon, under appointment by the Court of Appeal, and Madeline Dean Sager for Petitioners.

Evelle J. Younger, Attorney General, Jack R. Winkler, Edward W. Bergtholdt, James Garbolino and Marjory Winston Parker, Deputy Attorneys General, for Respondent.

## OPINION

**JANES, J.**—Each of the petitioners in these habeas corpus proceedings is presently confined under a commitment for violation of Penal Code section 209[1] (kidnaping for the purpose of robbery). A plea of guilty was entered by each: Madrid in 1968, Compton in 1964 and Thomas in 1965. All such pleas resulted from plea bargaining. Each petitioner challenges his conviction in the light of *People* v. *Daniels* (1969) 71 Cal.2d 1119, 1139 [80 Cal.Rptr. 897, 459 P.2d 225], claiming that his conduct was not within that proscribed by section 209, and that he is entitled to relief under *People* v. *Mutch* (1971) 4 Cal.3d 389, 395-396 [93 Cal.Rptr. 721, 482 P.2d 633]. The crimes committed by the three petitioners are in no way connected; we have consolidated the matters solely because of the similarity of the legal issues involved.

In *Daniels,* the California Supreme Court held that the asportation of a victim sufficient to subject the perpetrator of a robbery to the aggravated kidnaping provisions of Penal Code section 209 is not satisfied by compelled movement which, although accompanied by the intent to rob, is only incidental to the robbery and does "not substantially increase the risk of harm over and above that necessarily present in the crime of robbery itself." (71 Cal.2d at p. 1139.) The court thus rejected the theretofore controlling *Chessman-Wein*[2] rule that it is the fact of kidnaping which controls irrespective of distance, intent or other factors. The court in *People* v. *Mutch* (1971) 4 Cal.3d 389, 395-396 [93 Cal.Rptr. 721, 482 P.2d 633], declared its interpretation of section 209 effective from the 1951 amendment of that section.

Petitioners allege that the compelled movement of the victims in each of their cases was incidental to the robbery being committed and did not

---

[1] All section references herein, unless otherwise specified, are to the Penal Code.

[2] *People* v. *Chessman* (1951) 38 Cal.2d 166 [238 P.2d 1001]; *People* v. *Wein* (1958) 50 Cal.2d 383 [326 P.2d 457].

substantially increase the risk of harm to those persons. The asportation in petitioner Madrid's case consisted of moving people around within a tavern; in Compton's case several garage attendants were compelled to move approximately 100 feet towards the back of the garage; in Thomas' crime one supermarket employee was taken to the back of the market and another to the market vault, which was not locked. Injuries were inflicted by pistol-whipping some of the victims in each of the robberies.

The People advance two principal contentions in support of their position that petitioners are not entitled to relief under the rules enunciated in *Daniels* and *Mutch*:

(1) A judgment based on a guilty plea is not open to collateral attack for insufficiency of evidence in the sense that the acts committed did not constitute the elements of the crime charged; and

(2) The convictions challenged are the product of valid plea negotiations and as such may not be collaterally attacked.

A third issue presents itself in a slightly different aspect in each of the three cases. That issue involves the disposition to be made in the event this court finds the *Daniels-Mutch* rule applicable to a judgment based on a plea of guilty.

COLLATERAL ATTACK — JUDGMENT UPON GUILTY PLEA

The People's argument on this issue is premised upon an analysis of *Daniels* which in effect characterizes that case as simply a reversal based on insufficiency of the evidence.[3] As will appear below, this unrealistically constricted view of *Daniels* colors the People's presentation to the point that the arguments presented combine to form a structure of unassailable logic and order which, however, has no application to the realities of the situation.

On the issue of its retrospective determination of legislative intent, the Supreme Court stated in *People* v. *Mutch, supra*: "Here, as in *Daniels,* the issue is 'whether the acts of [defendant], on the record in this case, consti-

[3]The Attorney General notes that "[i]n *Mutch,* the Supreme Court made it clear that *Daniels* does not announce a rule of constitutional law. The Court simply found that on the record on appeal there was insufficient evidence of movement of the victims to support the kidnaping convictions under section 209 [properly construed]. After referring to a number of United States Supreme Court cases involving retroactivity of newly declared constitutional rules, Justice Mosk writing for the majority said: '[I]n each of the just-cited cases the error reached constitutional proportions; in *Daniels,* however, we reversed the defendants' kidnaping convictions under Penal Code section 209 on the ground that when the statute is properly construed *the evidence there introduced was insufficient to support the judgments.' People* v. *Mutch,* 4 Cal.3d at p. 395 [93 Cal.Rptr. 721, 482 P.2d 633]. (Italics added.)"

tute the kind of conduct proscribed by section 209.' From the foregoing analysis we conclude that a robber who suffered a post-1951 conviction of violating section 209 because he compelled his victim to perform movements which were 'merely incidental to the commission of the robbery and [did] not substantially increase the risk of harm over and above that necessarily present in the crime of robbery itself,' was convicted under a statute which did not prohibit his acts at the time he committed them. As the Court of Appeal correctly reasoned in a decision rendered shortly after *Daniels,* 'There, the Supreme Court stresses that its interpretation of section 209 is what the Legislature always intended that it should be. In this light, *what defendant did was never proscribed under section 209.'* . . . (*People* v. *Ballard* (1969) 1 Cal.App.3d 602, 605 [81 Cal.Rptr. 742]; accord, *People* v. *Ross* (1969) 276 Cal.App.2d 729, 736, fn. 7 [81 Cal.Rptr. 296].) [Original Italics.]

"In such circumstances, it is settled that finality for purposes of appeal is no bar to relief, and that habeas corpus or other appropriate extraordinary remedy will lie to rectify the error: 'Habeas corpus is available in cases where the court has acted in excess of its jurisdiction. [Citations.] For purposes of this writ as well as prohibition or certiorari, the term "jurisdiction" is not limited to its fundamental meaning, and in such proceedings judicial acts may be restrained or annulled if determined to be in excess of the court's powers as defined by constitutional provision, statute, or rules developed by courts. [Citations.] In accordance with these principles a defendant is entitled to habeas corpus *if there is no material dispute as to the facts relating to his conviction and if it appears that the statute under which he was convicted did not prohibit his conduct.* [Citations.]' (*In re Zerbe* (1964) 60 Cal.2d 666, 667-668 [36 Cal.Rptr. 286, 388 P.2d 182, 10 A.L.R.3d 840]; [Citations].)

"The present application is to recall the remittitur. As a general rule, an error of law does not authorize the recalling of a remittitur. (*People* v. *Randazzo* (1957) 48 Cal.2d 484, 488 [310 P.2d 413].) An exception is made, however, *when the error is of such dimensions as to entitle the defendant to a writ of habeas corpus.*" (Italics added.) (4 Cal.3d at pp. 395-396.)

The Attorney General argues that since a plea of guilty constitutes an admission of every element of the crime charged, petitioners may not now challenge the sufficiency of their conduct as the basis of the respective judgments against them. In this regard reliance is placed on the authorities prohibiting attack on such judgments except where the claim goes to the legality of the proceedings or the absence of fundamental jurisdiction. (See, e.g., *Stephens* v. *Toomey* (1959) 51 Cal.2d 864, 870 [338 P.2d

182]; *People* v. *Anderson* (1970) 11 Cal.App.3d 86, 89 [89 Cal.Rptr. 440].) It is argued that such fundamental irregularities do not exist in any of the present cases, and it is further suggested that by pleading guilty the petitioners admitted not only all the elements known at the time to be necessary for their convictions, but also admitted the presence of "any elements which might possibly be added to the offense at some future time by means of a retroactive reinterpretation of an earlier legislative intent."

The People seek also to distinguish those "inadequacy of counsel" cases in which habeas corpus relief was granted petitioners who, on the advice of counsel, entered pleas of guilty to crimes which could not have been committed by them due to legal impossibility. (See *In re Williams* (1969) 1 Cal.3d 168, 175-178 [81 Cal.Rptr. 784, 460 P.2d 984], *In re Scruggs* (1971) 15 Cal.App.3d 290, 294-295 [93 Cal.Rptr. 119], and *In re Greenfield* (1970) 11 Cal.App.3d 536, 541-543 [89 Cal.Rptr. 847], *In re Perez* (1966) 239 Cal.App.2d 466 [48 Cal.Rptr. 809].) The reasoning of those cases, however, is not limited to the facts presented therein. Although in each of the four cited cases adequate research by counsel would have revealed that the accusatory pleadings were insufficient on their face(s) to have supported convictions for the crime(s) charged, the analogy to the present case is irrefutable.

In *In re Perez, supra,* the court quoting *In re Zerbe* (1964) 60 Cal.2d 666 [36 Cal.Rptr. 286, 388 P.2d 182, 10 A.L.R.3d 840], stated: " 'Habeas corpus is available in cases where the court has acted in excess of its jurisdiction (Pen. Code, § 1487, subd. 1; *Neal* v. *State of California,* 55 Cal.2d 11, 16 [9 Cal.Rptr. 607, 357 P.2d 839]). For the purposes of this writ as well as prohibition or certiorari, the term "jurisdiction" is not limited to its fundamental meaning, and in such proceedings judicial acts may be restrained or annulled if determined to be in excess of the court's powers as defined by the constitutional provision, statute, or rules developed by courts. [Citations.] In accordance with these principles a defendant is entitled to habeas corpus if there is no material dispute as to the facts relating to his conviction and if it appears that the statute under which he was convicted did not prohibit his conduct. [Citations.]' " (*Id.* at pp. 469-470.)

And, in *Scruggs, supra,* it is pointed out that "[w]here, as here, the record shows without doubt that a defendant has pleaded guilty to a crime which he did not commit, the courts should hesitate to apply technical rules to prevent such defendant from obtaining relief." (15 Cal.App.3d. at p. 294.)

Finally, as previously quoted from *Mutch,* "In such circumstances, it is settled that finality for purposes of appeal is no bar to relief, and that habeas corpus or other appropriate extraordinary remedy will lie to rectify the error: . . ." (4 Cal.3d at p. 396.)

There is nothing in the majority opinion of the Supreme Court which forecloses the granting of relief as authorized by *Mutch* to a person whose conviction for violation of section 209 is based upon a plea of guilty.[4] Although Justice Kaus expressly stated in his concurring opinion that he understood the majority ruling to be limited to those cases in which a trial was had on the issue of guilt (4 Cal.3d at p. 399), Justice Burke, in his dissenting opinion, not only interpreted the majority ruling as applying to *all* post-1951 convictions under section 209, but also clearly foresaw the precise situation presented in the case of petitioners Madrid and Thomas where bargained pleas were obtained to the most serious of the offenses charged against them, and all other charges dismissed. (*Id.* at pp. 407-409.)

 The Attorney General next urges the absence of an adequate record in each of these cases from which to glean the materially undisputed facts. Of the reported decisions, all which have considered availability of *Daniels* relief have been cases in which a trial was held and an appeal taken, i.e., where the People had presented evidence sufficient to convict and a trial transcript was at hand. Here, however, the sources of evidence in the matters before us are (as to Madrid and Thomas) transcripts of the preliminary examinations and (as to Compton) the transcript of evidence before the grand jury.

The People, noting the discrepant standards of proof between preliminary proceedings and trial on the issue of guilt, argue that our examination of the facts may not be accomplished by resort to sources of the former type alone. While it is true that both the quantum and the force of the evidence generally produced at such proceedings are substantially less than those at trial, that argument ignores cold realities present in the pre-*Daniels* environment. The victim in each of the cases before us testified to the essential facts of the crime. The physical limits of the crime committed were defined by that testimony. Reference to the existing records demonstrates that the fleshing out of the narratives given by the respective victims would not bring the crimes committed within the purview of section 209. The quality of the events which occurred cannot be altered by the addition of detail.[5]

---

[4]This conclusion is reinforced by reference to the following order issued by the Supreme Court in *In re Anderson* on Habeas Corpus, Crim. 14570, on June 28, 1971: "The Director of the Department of Corrections is ordered to show cause before the Superior Court for the County of Los Angeles why the judgment of conviction . . . should not be vacated and defendant be permitted to withdraw his plea of guilty to the count of violating Penal Code section 209, in light of *People* v. *Daniels,* 71 Cal.2d 1119 [80 Cal.Rptr. 897, 459 P.2d 225], and *People* v. *Mutch,* 4 Cal.3d 389. . . ." (See fn. 8, *infra,* for relevant text of appendix incorporated in this order.)

[5]For a similar application, see *Cotton* v. *Superior Court* (1961) 56 Cal.2d 459, 462, 464 [15 Cal.Rptr. 65, 364 P.2d 241].

In our view, the present records provide a sufficient basis for the requisite evaluation. That evaluation, in each of these cases, reveals that the record before us is susceptible of no other conclusion than that in each case the compelled movement of the victims simply facilitated commission of the robbery and was thus incidental thereto and failed to "substantially increase the risk of harm" above that inherent in the crime of robbery itself. (*People* v. *Daniels, supra,* 71 Cal.2d at p. 1139; see also *People* v. *Timmons* (1971) 4 Cal.3d 411, 414 [93 Cal.Rptr. 736, 482 P.2d 648]; *People* v. *Beaumaster* (1971) 17 Cal.App.3d 996, 1006 [95 Cal.Rptr. 360].)

COLLATERAL ATTACK — EFFECT OF PLEA BARGAIN

▆▆ Under this heading we discuss the People's reliance on the cases of *People* v. *West* (1970) 3 Cal.3d 595, 604-613 [91 Cal.Rptr. 385, 477 P.2d 409], and on the United States Supreme Court decision in *Brady* v. *United States* (1970) 397 U.S. 742 [25 L.Ed.2d 747, 90 S.Ct. 1463], upholding bargained-for pleas.

In *People* v. *West, supra,* 3 Cal.3d 595, the defendant entered a plea of nolo contendere to violation of Health and Safety Code section 11557 (maintaining a place for narcotics furnishing or use). The judgment was reversed by the Court of Appeal (83 Cal.Rptr. 338) on the ground that the conduct proscribed by that section was not a lesser included offense within the crime charged—Health and Safety Code section 11530 (possession of marijuana)—and thus that the trial court had been without jurisdiction to accept the plea. The Supreme Court, disagreeing, upheld the trial court and the validity of the defendant's plea, stating that the fact alone that a plea is entered as the result of plea bargaining does not render a plea of guilty or of nolo contendere "involuntary," and that the trial court has jurisdiction to accept a knowing and voluntary plea "to a lesser offense reasonably related to the offense charged." (*Id.* at p. 600.)

In *Brady* v. *United States, supra,* 397 U.S. 742 [25 L.Ed.2d 747], defendant had entered a guilty plea under an indictment for kidnaping under a federal statute which subjected him to a maximum penalty of death and was sentenced to 50 years' imprisonment (subsequently reduced to 30 years). He petitioned for habeas corpus relief, claiming that his plea had been coerced by the statute's death penalty provision and that an intervening decision which had held unconstitutional the death penalty portion of the statute in question[6] required reversal of the judgment against him. Both

---

[6]*United States* v. *Jackson* (1968) 390 U.S. 570 [20 L.Ed.2d 138, 88 S.Ct. 1209].

the district court and the Court of Appeals (10th Cir.) denied relief, as did the Supreme Court, which held the plea valid as voluntarily and knowingly made despite the fact that defendant had been motivated by fear of the death penalty and despite the subsequent invalidation of the statute's death penalty provision. The court stated at page 757 [25 L.Ed.2d at p. 761]: "[A] voluntary plea of guilty intelligently made in the light of the then applicable law does not become vulnerable because later judicial decisions indicate that the plea rested on a faulty premise."[7]

To urge, however, as the Attorney General does, that the crime to which petitioners pled guilty as construed in *Daniels-Mutch* was a lesser offense reasonably related to any of the crimes charged against them (such as, e.g., first degree robbery, assault with a deadly weapon or with intent to murder) is to argue an absurdity. That the rules enunciated in *West* and *Brady* are inapplicable is clear from reference to the following portion of the Supreme Court's opinion in *Brady*: "We would have serious doubts about this case if the encouragement of guilty pleas by offers of leniency substantially increased the likelihood that defendants, advised by competent counsel, would falsely condemn themselves. But our view is to the contrary and is based on our expectations that courts will satisfy themselves that pleas of guilty are voluntarily and intelligently made by competent defendants with adequate advice of counsel and that there is nothing to question the accuracy and reliability of the defendants' admissions that they committed the crimes with which they are charged." (397 U.S. at p. 758 [25 L.Ed.2d at p. 762].)

A further factor distinguishes the present matters from the cases of *West* and *Brady*: petitioners do *not* seek reversals of their convictions on grounds that their pleas were entered as the result of plea bargains, that the offenses to which they pleaded guilty were not reasonably related to the offenses charged, or that they were motivated to plead guilty by fear that the death penalty would be imposed if they went to trial. What they seek are reversals on the ground that their acts did not constitute the offenses to which they pleaded, and this is a ground for relief on habeas corpus. (*In re Williams, supra,* 1 Cal.3d 168; *In re Scruggs, supra,* 15 Cal.App.3d 290; *In re Perez, supra,* 239 Cal.App.2d 466.)

---

[7]The court's opinion continued: "A plea of guilty triggered by the expectations of a competently counseled defendant that the State will have a strong case against him is not subject to later attack because the defendant's lawyer correctly advised him with respect to the then existing law as to possible penalties but later pronouncements of the courts, as in this case, hold that the maximum penalty for the crime in question was less than was reasonably assumed at the time the plea was entered." (397 U.S. at p. 757 [25 L.Ed.2d at p. 761].)

## DISPOSITION

Petitioner Madrid is under state confinement only for the presently involved two counts of violation of section 209. The remaining counts of the second amended information were dismissed in the interests of justice. These counts consisted of three counts of first degree robbery (§ 211), two counts of assault with intent to murder (§ 217), one count of assault with a deadly weapon (§ 245), and one additional count of kidnaping for the purpose of robbery (§ 209). The offenses charged allegedly occurred on or about November 4, 1967; sentence was imposed on June 28, 1968.

Petitioner Compton is presently confined under the instant count of violation of section 209 and on one count of violation of section 211. Although both counts were charged in the same indictment (counts 1 and 10 thereof), they relate to different offenses and thus do not involve any issue of multiple punishment under Penal Code section 654. The remaining charges, consisting of six counts of first degree robbery (§ 211) and two counts of kidnaping for the purpose of robbery (§ 209), were dismissed in the interests of justice. The offenses of which petitioner was convicted were committed in October 1964; sentence was imposed December 3, 1964.

Petitioner Thomas is under state confinement for the presently involved single count of violating section 209. Three other charges against him, consisting of kidnaping for the purpose of robbery (§ 209), first degree robbery (§ 211) and conspiracy (§ 182), were dismissed in the interests of justice. The offense of which he was convicted occurred on May 10, 1964; sentence in that case was imposed February 11, 1965. He is also under a 25-year sentence for a federal offense committed prior to the offense at issue here.

The statute of limitations for the offenses involved in these cases (except violation of § 209) is three years. (Pen. Code, § 800.) All of the acts occurred, or are alleged to have occurred more than three years ago. The California Supreme Court in the *Mutch* decision has provided no direction as to disposition of cases such as these where conviction was had on no other counts than those charging violation of section 209.

In the concluding lines of *People* v. *Daniels, supra,* 71 Cal.2d 1119, 1143, the court noted: "The original indictment in this case, filed two weeks after defendants' arrest, also included counts charging Daniels and Simmons with rape, robbery, and burglary committed against Miss K. and with rape, attempted robbery, and burglary committed against Mrs. R., and charging Simmons with rape, robbery, burglary, and a violation of

Penal Code section 288a committed against Miss S. For reasons which do not appear in the record, the prosecuting authorities decided not to go to trial on those counts and amended the indictment accordingly." In this context, the court then stated: "For the guidance of the court on retrial, however, we observe that the three-year statute of limitations (Pen. Code, § 800) would not bar the prosecution of Daniels and Simmons on a second amended indictment charging the crimes listed above. Such an indictment would, for this purpose, be deemed to relate back to the date of the original indictment. [Citations.] Although defendants may not be convicted on this record of violating Penal Code section 209, they may be prosecuted to the fullest extent of the law for the remaining crimes charged against them by the grand jury."

The Supreme Court recently reaffirmed the quoted suggestion from *Daniels* in the appendix to its order to show cause in *In re Zurica* on Habeas Corpus (Crim. 13973, June 28, 1971), wherein it reiterated that "the granting of relief pursuant to [*Daniels-Mutch*] may be conditioned upon liability for punishment that might have been imposed for crimes relating to any kidnaping conviction that is set aside, and which liability would have been suffered had the defendant not suffered an invalid kidnaping conviction. (See Pen. Code, § 1484.) To that end when a kidnaping conviction is set aside, the trial court or the appellate court, as the case may be, may adopt any of the following procedures that are appropriate to the facts of the particular case before it."[8]

Let the writs issue as prayed. Petitioners Madrid and Thomas are remanded to the Superior Court for the County of Los Angeles, and petitioner Compton to the Superior Court for the City and County of San Francisco,

---

[8]The procedures permitted by such appendix are as follows:

"1. It may order into effect sentences that were suspended pending service of the sentence on the kidnaping conviction. (See *People* v. *Mutch,* 4 Cal.3d 389, 398, fn. 7 [93 Cal.Rptr. 721, 482 P.2d 633].)

"2. It may vacate the reversal or setting aside of any conviction that was reversed or set aside to avoid double punishment for a single course of criminal conduct involving the kidnaping conviction, and it may then impose sentence on any such reinstated conviction.

"3. It may modify the judgment to impose sentence for any lesser offense included in the accusatory pleading and supported by the evidence. (See *People* v. *Marshall,* 48 Cal.2d 394 [309 P.2d 456].)

"4. *It may order the accusatory pleading amended to recharge any offenses that were initially charged but the charges of which were subsequently dismissed. Thereafter, defendant may be tried on the amended pleading.* (See Pen. Code, section 1009; *People* v. *Daniels,* 71 Cal.2d 1119, 1143 [80 Cal.Rptr. 897, 459 P.2d 225].)" (Italics ours.)

where they shall be permitted to withdraw their pleas of guilty and further proceedings shall be had in accordance with the views expressed herein.

Regan, Acting P. J., and Bray, J.,* concurred.

A petition for a rehearing was denied October 20, 1971, and respondent's petition for a hearing by the Supreme Court was denied November 18, 1971.

*Retired Presiding Justice of the Court of Appeal sitting under assignment by the Chairman of the Judicial Council.