[Crim. No. 6264. Third Dist. Nov. 17, 1971.]

In re ISREAL NELL HOWARD on Habeas Corpus.

[Crim. No. 6354. Third Dist. Nov. 17, 1971.]

In re MIKE MASTON on Habeas Corpus.

(Consolidated Cases.)

**COUNSEL**

Michael A. Manley, under appointment by the Court of Appeal, for Petitioners.

Evelle J. Younger, Attorney General, Jack R. Winkler, James D. Garbolino and Marjory Parker, Deputy Attorneys General, for Respondent.

**OPINION**

**JANES, J.**—Each of the petitioners in these proceedings which we have consolidated for decision challenges his February 1961 conviction of kidnaping for the purpose of robbery, the victim suffering bodily harm (Pen. Code, § 209),[1] on the ground that his conduct was not within that proscribed by section 209 (*People* v. *Daniels* (1969) 71 Cal.2d 1119, 1139 [80 Cal.Rptr. 897, 459 P.2d 225]), and that he is entitled to relief

---

[1] All code references herein are to the Penal Code unless otherwise specified.

under *People* v. *Mutch* (1971) 4 Cal.3d 389, 395-396 [93 Cal.Rptr. 721, 482 P.2d 633].

The conviction of each petitioner was based upon a bargained-for plea of guilty to one count of a five-count indictment filed against him. The remaining four counts, consisting of one count each of kidnaping (§ 207), first degree robbery (§ 211), forcible rape (§ 261) and grand theft auto (§ 487, subd. 3), were dismissed in the interests of justice, as to each petitioner.

■ This court recently held in the consolidated cases of *In re Madrid, In re Compton,* and *In re Thomas* (1971) 19 Cal.App.3d 996 [97 Cal. Rptr. 354], that relief under *Daniels-Mutch* is available to one convicted under section 209 upon a bargained-for plea of guilty if it may be said, on the basis of the available record, that the evidence is susceptible of no conclusion other than that the asportation of the victim was merely incidental to the robbery *and* did not substantially increase the risk of harm to the victim beyond that normally inherent in the crime of robbery.

The record from which the facts of the present case must necessarily be gleaned is the transcript of testimony presented to the grand jury. The victim, a 46-year-old woman, testified at the hearing.

The transcript discloses that at approximately 2:15 a.m., on November 4, 1960, the victim was driving north to Santa Barbara along Highway 101 in Santa Barbara County. She was alone in her automobile. Petitioners and their codefendant, Millard Dedmon, forced her vehicle off the highway, opened the door of her car, took her purse which contained approximately $150, and began rummaging through her car. The victim struggled to close the car door but one of the men frustrated her attempt by yanking the door open and taking the car keys. The men then dragged the struggling victim from the auto. Once outside the car, her resistance was ended by a blow to the head with a shotgun. She was then forced into her assailants' car.

Howard and Dedmon got into the vehicle with her, Howard in the driver's seat, Dedmon in the back seat with the victim. Howard started the car and drove off down the highway toward Los Angeles. Maston followed in the victim's car. After an unsuccessful attempt to disarm Dedmon by wrestling the shotgun from his grasp, the victim was forcibly raped by Dedmon.

A short time later the auto in which the victim was being held ran out of gas and its three occupants transferred to the victim's car. During this maneuver, she managed to break free of her captors and tried unsuccess-

fully to escape, attempting to flag down a passing truck. Caught once again by her assailants, she was thrown back into the rear seat of her own car where Dedmond attempted to rape her again.

About an hour later the car was stopped in a remote area of Los Angeles County, approximately 70 miles from the place in Santa Barbara County where the initial abduction had occurred. The victim was told to get out of the car. She was bound hand and foot and gagged by Howard. Howard then reached down into the front of her clothing to see if she had more money or valuables on her person. She fell to the ground and soon heard her assailants leave the scene in her automobile.

The victim walked and crawled to a residence some distance away, where she was given first aid until the authorities arrived. Medical examination verified the forcible rape and the fact that she had been the victim of a recent, severe beating.

On the facts we have reviewed, it may fairly be said that the 70-mile asportation of the victim was more than merely incidental to the crime of robbery and that the risks to which she was subjected were increased beyond those usually incident to that crime. Those increased risks are most clearly inherent in the crime of kidnaping. (See *People* v. *Daniels, supra,* 71 Cal.2d at pp. 1125-1140.)

We need not determine, however, whether petitioners' conduct was, *in fact,* within that proscribed by section 209 as clarified in *Daniels* and *Mutch,* but only whether we can say as a matter of law that it was not. Since the record is susceptible of conflicting inferences in this regard, relief is not available. (*In re Madrid, supra,* 19 Cal.App.3d at p. 1003.)

 Petitioners also seek relief on the ground that their asportation of the victim was not, at the time of its initiation, accompanied by the intent to rob, claiming that the crime of robbery had been completed and that the only criminal intent then extant was the intent to rape. Their argument ignores the fact that the taking of the victim's car and her abduction (in a second vehicle) were initiated concurrently.

More significantly, this final argument of petitioners fails to recognize the limited scope of retrospective review afforded by *Daniels-Mutch,* to wit: evaluation of the character and quality of the asportation which occurred. Nothing in *Daniels* or the subsequent cases applying its newly enunciated rule permits a re-evaluation, on collateral attack, of the intent which accompanied such asportation. (Cf. *People* v. *Tribble* (1971) 4 Cal.3d 826, 830-832 [94 Cal.Rptr. 613, 484 P.2d 589] (direct appeal from judgment).)

The petitions for writs of habeas corpus are denied, and the orders to show cause issued on June 22, 1971 (Howard) and September 2, 1971 (Maston) are discharged.

Regan, Acting P. J., and Pierce, J.,* concurred.

Petitioners' application for a hearing by the Supreme Court was denied January 13, 1972.

---

*Retired Presiding Justice of the Court of Appeal sitting under assignment by the Chairman of the Judicial Council.