[Crim. No. 16233. In Bank. Mar. 16, 1973.]

In re JOHN HENRY CRUMPTON III on Habeas Corpus.

## COUNSEL

Gary B. Fleischman for Petitioner.

Evelle J. Younger, Attorney General, Herbert L. Ashby, Chief Assistant Attorney General, Doris H. Maier, Assistant Attorney General, Frederick R. Millar, Jr., and Robert F. Katz, Deputy Attorneys General, for Respondent.

## OPINION

**MOSK, J.**—In 1968 John Henry Crumpton was charged with kidnaping for the purpose of robbery, the victim being subjected to bodily harm (Pen. Code, § 209), and robbery (Pen. Code, § 211). While represented by counsel, Crumpton negotiated a plea with the prosecutor as a result of which he was permitted to plead guilty to kidnaping for the purpose of robbery, in return for which the allegation of bodily harm was stricken and the count charging robbery was dismissed. Crumpton was sentenced to a term of life imprisonment, and no appeal was taken from the judgment.

Approximately one year later in *People* v. *Daniels* (1969) 71 Cal.2d 1119 [80 Cal.Rptr. 897, 459 P.2d 225, 43 A.L.R.3d 677], this court reexamined section 209 and substantially constricted the prior expansive interpretation of the statute. Thereafter we held that a defendant whose conviction under section 209 became final before our decision in *Daniels* was entitled to post-conviction relief upon a showing that his conduct was not prohibited by the statute as construed in *Daniels*. (*People* v. *Mutch* (1971) 4 Cal.3d 389 [93 Cal.Rptr. 721, 482 P.2d 633].) Crumpton now petitions for a writ of habeas corpus on the authority of *Daniels* and *Mutch*. He prays that his plea of guilty be set aside, the judgment against him be vacated, and he be discharged from custody.

The Attorney General opposes the petition on two grounds: first, that the evidence in the transcript of the preliminary hearing is sufficient to support a conviction under section 209, and, second, that *Daniels* does not apply to a conviction based, as here, on a guilty plea. We conclude that the Attorney General fails on both grounds to defeat Crumpton's petition.

The transcript of the preliminary hearing reveals that about 11 p.m. on March 14, 1968, Crumpton and a companion drove into a service station. One of the men pointed a pistol at the attendant, who was walking from the service island to the station office, and forced him to lie down behind a truck parked on the station premises 20 to 30 feet away. While Crumpton emptied a cash box at the service island, the companion searched the pockets of the prostrate attendant and took from him a set of keys to the station. The companion then fired a shot, wounding the attendant, after which the pair of robbers fled.

In *Daniels* we construed section 209 to preclude convictions based on movement of the victim that is criminologically insignificant. ▆ We held that "the intent of the Legislature in amending Penal Code section 209 in 1951 was to exclude from its reach not only 'standstill' robberies [citation omitted] but also those in which the movments of the victim are merely incidental to the commission of the robbery and do not substantially increase the risk of harm over and above that necessarily present in the crime of robbery itself." (*Id.* at p. 1139 of 71 Cal.2d.)

In the case at bar the victim was not compelled to move a substantial distance. In *Daniels* we said (at p. 1140) that "when in the course of a robbery a defendant does no more than move his victim around inside the premises in which he finds him—whether it be a residence . . . or a place of business or other enclosure—his conduct generally will not be deemed to constitute the offense proscribed by section 209." Such movement "cannot reasonably be found to be asportation 'into another part of the same county.' (Pen. Code, § 207.)" (*Ibid.*) Particularly relevant here is *People v. Williams* (1970) 2 Cal.3d 894 [88 Cal.Rptr. 208, 471 P.2d 1008], in which we held a service station, including the adjacent outdoor areas, to be analogous to a place of business or enclosure within our meaning in *Daniels*. In *Williams* the victims were forced to move to several different sites on the service station grounds. If such conduct was insufficient to activate section 209, the movement in the present case is also inadequate for that purpose.

As an independent ground for our decision, we hold that the act of forcing the attendant to move behind the truck did not substantially increase the

risk of harm to him over and above that normally present in the crimes of robbery and assault. The Attorney General argues that the risk was aggravated by diminishing the likelihood of public observation of the infliction of physical harm on the attendant. ■ An examination of the prior cases, however, reveals that such acts of removing the victim from public view do not in themselves substantially increase the risk of harm within our rule in *Daniels*. In *People* v. *Williams* (1970) *supra,* 2 Cal.3d 894, for example, the defendant forced the victim from an area of a service station open to public view into the station restroom, where physical harm could have been inflicted on him with little if any possibility of public detection. Similarly, in *People* v. *Killean* (1971) 4 Cal.3d 423 [93 Cal.Rptr. 742, 482 P.2d 654], the defendants accosted the robbery victims outside their apartment and forced them inside. In *People* v. *Smith* (1971) 4 Cal.3d 426 [93 Cal.Rptr. 743, 482 P.2d 655], the defendant compelled a hotel desk clerk to go up to a second-floor room. In *People* v. *Adams* (1971) 4 Cal.3d 429 [93 Cal.Rptr. 745, 482 P.2d 657], the victims of a liquor store robbery were forced from the public portion of the store to a rear storage area, and the victim of a service station robbery was required to lie on the floor of the lube room. In each of these cases the movement diminished the likelihood of public observation of any physical assault on the victim. Yet in each we concluded that the risk of harm inherent in the underlying crime had not been substantially increased within the meaning of *Daniels*. An identical conclusion is compelled in the case at bar.

In *People* v. *Mutch* (1971) *supra,* 4 Cal.3d 389, 396, we held that a defendant is entitled to habeas corpus relief under *Daniels* if there is no material dispute as to the facts relating to his conviction and if it appears that the statute under which he was convicted did not prohibit his conduct. In *In re Madrid* (1971) 19 Cal.App.3d 996 [97 Cal.Rptr. 354], the Court of Appeal held that habeas corpus relief authorized by *Mutch* is available to a defendant whose conviction was based on a guilty plea.

The Attorney General contends that despite *Madrid,* the guilty plea in this case precludes the granting of relief. He first asserts that because no trial was held and the entire evidence is contained in the transcript of the preliminary hearing, the facts are not "undisputed" as required by *Mutch*. The full substance of the prosecution's case, it is argued, is generally not presented at the preliminary hearing; further evidence capable of sustaining a conviction of kidnaping might have been introduced at trial. The opinion in *Madrid,* however, correctly disposes of this claim: "While it is true that both the quantum and the force of the evidence generally produced at [preliminary] proceedings are substantially less than those at trial, the argument ignores cold realities present in the pre-*Daniels* environment.

The victim . . . testified to the essential facts of the crime. The physical limits of the crime committed were defined by that testimony. Reference to the existing records demonstrates that the fleshing out of the narratives given by the respective victims would not bring the crimes committed within the purview of section 209. The quality of the events which occurred cannot be altered by the addition of detail." (*In re Madrid* (1971) *supra,* 19 Cal.App.3d 996, 1002.)

■ Once it is established on the basis of the preliminary hearing testimony that no reasonable jury could have convicted Crumpton of kidnaping had he gone to trial, it follows that he should not be condemned to life imprisonment simply because he pleaded guilty under a mistaken legal understanding of the kidnaping statute. There are numerous cases expressing the view that conviction based on guilty pleas should not be overturned lightly, particularly when the pleas have been obtained through a process of negotiation.[1] We have no quarrel with this general principle, but in none of the cited authorities did the undisputed evidence establish that the defendant could not have been convicted of the underlying charge had he stood trial.

■ The Attorney General's final contention that to set aside Crumpton's conviction would unduly interfere with the plea negotiation process sanctioned in *People* v. *West* (1970) *supra,* 3 Cal.3d 595, is clearly without merit. It is apparent that Crumpton's plea was induced by the prosecution's promise to consent to striking the allegation that the victim suffered bodily harm from the kidnaping count. Had the allegation not been eliminated, a conviction would have mandated a sentence either of death or of life imprisonment without possibility of parole; absent the allegation of bodily harm, Crumpton would have been subject only to the lesser penalty of an ordinary life sentence which, of course, does not prohibit future parole. The agreement, however, was bottomed on a false premise: Crumpton could not have been convicted either of the offense to which he pleaded guilty or of the more serious offense the consequences of which motivated his plea. It would be unconscionable to hold a defendant bound by a plea made under such significant and excusable misapprehension of the law. Thus any concern over potential deterrence of negotiated pleas is misplaced, as our ruling will have no effect on the ordinary circumstances in

[1]*North Carolina* v. *Alford* (1970) 400 U.S. 25 [27 L.Ed.2d 162, 91 S.Ct. 160]; *Brady* v. *United States* (1970) 397 U.S. 742 [25 L.Ed.2d 747, 90 S.Ct. 1463]; *McMann* v. *Richardson* (1970) 397 U.S. 759 [25 L.Ed.2d 763, 90 S.Ct. 1441]; *Parker* v. *North Carolina* (1970) 397 U.S. 790 [25 L.Ed.2d 785, 90 S.Ct. 1458]; *People* v. *West* (1970) 3 Cal.3d 595 [91 Cal.Rptr. 385, 477 P.2d 409].

which the defendant correctly understands the law applicable to the facts of his case.

Under the authority of *Daniels* (at p. 1143), we add that after our decision herein the statute of limitations will not bar prosecution of Crumpton for the robbery charged in the information. The information may be amended pursuant to Penal Code section 1009 to reinstate that count. (See also *In re Madrid* (1971) *supra,* 19 Cal.App.3d 996, 1006, fn. 8.)

Petitioner is remanded to the Superior Court of the County of Los Angeles with directions to permit him to withdraw his plea of guilty to count I of the information.

Wright, C. J., McComb, J., Tobriner, J., Burke, J., and Sullivan, J., concurred.

Respondent's petition for a rehearing was denied May 9, 1973.