[Crim. No. 10575. First Dist., Div. Four. Sept. 5, 1972.]

In re HENRY PAUL ALVARADO on Habeas Corpus.

## COUNSEL

Paul Ligda, Public Defender, for Petitioner.

Evelle J. Younger, Attorney General, Herbert L. Ashby and Edward A. Hinz, Jr., Chief Assistant Attorneys General, Doris H. Maier and William E. James, Assistant Attorneys General, Robert R. Granucci and Ronald E. Niver, Deputy Attorneys General, for Respondent.

## OPINION

**DEVINE, P. J.**—Henry Paul Alvarado, who was convicted in 1962 in San Diego County of rape by force (Pen. Code, § 261, subd. 3), and kidnaping for the purpose of robbery (Pen. Code, § 209), petitions for writ of habeas corpus for the purpose of obtaining relief from the sentence on the latter charge, life imprisonment without possibility of parole. Because he is confined in Solano County at the California Medical Facility at Vacaville, he petitioned for the writ in the superior court in that county. The court properly, under the rule of *In re Crow,* 4 Cal.3d 613 [94 Cal.Rptr. 254, 483 P.2d 1206], and *People* v. *Tenorio,* 3 Cal.3d 89 [89 Cal.Rptr. 249, 473 P.2d 993], transferred the petition to the County of San Diego. The petition was denied by that court. Petitioner does not seek to have set aside the sentence for rape, a sentence to life imprisonment, because his conviction on that charge has been affirmed (*People* v. *Alvarado,* 220 Cal.App.2d 190 [33 Cal.Rptr. 577]) and there has been no change in

statutory or decisional law which would affect that sentence. But in respect of the kidnaping for robbery charge, there have indeed been substantial changes.

Preliminarily, it is to be observed that since the decision of *People* v. *Anderson,* 6 Cal.3d 628 [100 Cal.Rptr. 152, 493 P.2d 880], holding capital punishment to be unconstitutional, the crimes of kidnaping for the purpose of extortion or robbery (Pen. Code, § 209) and train wrecking (Pen. Code, §§ 218, 219) carry the highest penalty in this state, life imprisonment without possibility of parole. The murderer of many victims is, theoretically at least, eligible for parole, but one who has kidnaped for the purpose of robbery is not. In fact, if Alvarado had murdered the victim of his rape instead of taking her purse, which contained one dollar, he would have been eligible for parole seven years after he commenced serving his sentence. (Pen. Code, § 3046.) One adjudged to be an habitual criminal no longer is subject to the penalty of ineligibility for parole (2 Witkin, Cal. Crimes (1963) § 1010, pp. 957-958). We say this not for the purpose of mitigating Alvarado's vicious crime, nor of suggesting what his ultimate punishment should be under his life sentence. We say it by way of explaining in part our interpretation and application of decisions cited below.

An anomaly in the kidnaping statutes themselves also bears preliminary mention. Kidnaping for the purpose of rape, even when it culminates in the rape itself, sustains the sentence for life imprisonment (Pen. Code, §§ 207, 261), but not without possibility of parole. Kidnaping for the purpose of robbery bears the heavier punishment provided some harm be done to the victim. In fact, where the purpose was dual, robbery and rape, the rape itself has been held to be sufficient bodily harm to satisfy this requirement (*People* v. *Brown,* 29 Cal.2d 555 [176 P.2d 929]). In the *Brown* case, the court took pains to point out that a striking of the victim would have been sufficient to constitute bodily harm. Thus, strangely, the statutes have given greater importance to the taking of property than to violent sexual acts such as rape.

In *People* v. *Tribble,* 4 Cal.3d 826 [94 Cal.Rptr. 613, 484 P.2d 589], it was held that in order to constitute kidnaping for the purpose of robbery, the specific intention to commit that crime must be present at the time of the original asportation of the victim. Although this had previously been held, in *People* v. *Smith,* 223 Cal.App.2d 225 [35 Cal.Rptr. 719], the *Smith* case was not decided until after Alvarado's conviction. Nor was the *Smith* case followed in certain decisions of the appellate court. (*People* v. *Paxton,* 255 Cal.App.2d 62 [62 Cal.Rptr. 770]; *People* v. *Gomez,* 252 Cal.App.2d 844 [60 Cal.Rptr. 881], cases disapproved in

*People* v. *Tribble, supra,* at p. 832.) Thus, not until *Tribble* was a definitive ruling established.

 The jury in Alvarado's case was instructed, incorrectly, as follows: "The robbery of the victim who has been abducted is a violation of Penal Code Section 209, kidnaping to commit robbery, even though the original objective was rape and the intent to rob was only an afterthought"; and "There is no condition in the charge of kidnaping to commit robbery that the kidnaping be premeditated as part of the robbery, or that the robbery be premeditated as part of the kidnaping."

The testimony of the victim was that during the struggle in which Alvarado forced her into his automobile, he took her purse and put it in his car. But on cross-examination she conceded that she did not remember whether she saw the purse at all between the time it was in her automobile and the time it was in his, and that she did not know whether she brought her purse out of her car. Thus, the evidence of intent to rob as contemporaneous with original asportation was exceedingly tenuous. The prosecutor seems to have recognized this, for he argued to the jury that "It makes no difference which one he had in mind at the time—to rob her or to rape her—as long as during the time of the kidnaping he intended to rob her"; and "First the kidnaping for the purposes of robbery, even though robbery is an aftermath, afterthought, he is still guilty of kidnaping for the purposes of robbery, even though he kidnaped her first to rape her and then thought of robbing her."[1] Since the defendant had denied the whole episode, defense counsel apparently did not argue this point. (We do not have his argument before us.)

 Petitioner was convicted of the crime which dooms him to perpetual imprisonment under an interpretation of Penal Code section 209 which had been incorrect, as decided in *People* v. *Tribble,* 4 Cal.3d 826 [94 Cal.Rptr. 613, 484 P.2d 589], since the statute had been amended in 1951. We must decide at this point whether *Tribble* is retroactive, so as to apply even to convictions which became final before the date of *Tribble,* May 12, 1971. We conclude that it is so retroactive. The rule announced in *People* v. *Daniels,* 71 Cal.2d 1119 [80 Cal.Rptr. 897, 459 P.2d 225, 43 A.L.R.3d 677], that brief movements incidental to the commission of a robbery and which did not substantially increase the risk of harm beyond that necessarily present in the robbery itself do not constitute the offense of aggravated kidnaping, has been held to apply, in appropriate cases, retroactively and to provide relief even in cases in which the judgment had become final. (*People* v. *Mutch,* 4 Cal.3d 389 [93 Cal.Rptr.

---

[1]Final asportation of the purse occurred after the rape, when appellant drove off leaving the victim in a field.

721, 482 P.2d 633]; *People* v. *Timmons,* 4 Cal.3d 411 [93 Cal.Rptr. 736, 482 P.2d 648].) We see no essential distinction between the requirement of a perilous asportation which is over and above that necessary to effect robbery and the requirement of contemporaneity of intent to rob with the original asportation. The Attorney General suggests that there is a difference in considering the case at this stage, in that *Tribble* deals with "the hazy area of intent" and not with conduct, saying that whether one has formed the necessary intent is a difficult question at best. But if it is a difficult matter now, it was difficult and perhaps even "hazy" at the time of trial, and it is therefore more probable that a jury would be led to a conclusion which it would not have otherwise reached by faulty instructions given under an incorrect, although generally prevailing, understanding of the law relating to intent than it would be by erroneous instructions as to objective conduct.

It is further argued by the Attorney General that if *Tribble* should be applied retroactively at all, it should only be where there is no material dispute as to the facts, and that the "record *suggests* [italics ours] that petitioner grabbed his victim's purse *before* taking her out of the car." We have summarized above the understandably vague and uncertain character of the victim's testimony about asportation of the purse at the original encounter. Surely it does no more than to *suggest* robbery at that point. Such a suggestion is not sufficient to escape the operation of the rule of *Tribble.* But if robbery (a crime not charged in the information) was completed at the point of the suggested seizure, the material facts still show that there was no violation of Penal Code section 209. Surely driving of the victim and the purse for many miles to a remote field would have been useless so far as robbery was concerned. Section 209 requires that the carrying away of the person must be *for the purpose* of committing robbery. ▮ It sufficiently appears that section 209, under which appellant was convicted, did not prohibit his conduct and that, therefore, jurisdiction (although not in its fundamental sense) was exceeded, as in *People* v. *Mutch,* 4 Cal.3d 389, 396 [93 Cal.Rptr. 721, 482 P.2d 633].

The case of *In re Howard,* 21 Cal.App.3d 318 [98 Cal.Rptr. 531], cited by respondent, in which habeas corpus relief was denied, is readily distinguishable. There, the petitioners forced the victim's vehicle off the highway, opened its door, took her purse, rummaged through her car, and one of the petitioners drove off in her car, while she was driven in the car of her abductors and later raped. The court reasoned that because the taking of the victim's car and her abduction in a second vehicle were initiated concurrently, the crime of robbery had been completed prior to the aspor-

tation of the victim. Robbery was deemed to be an intended crime at the commencement of the kidnaping.

The plain fact is that the instant case is one in which a man who previously had committed a sex crime (the admissibility of evidence thereof was the basis of his appeal) was sexually motivated, and if there was any intent to commit robbery it was so incidental that it is highly probable that under proper argument and instructions he would not have been convicted of violating section 209. The Attorney General suggests that if relief is to be granted, it should be in the form of modifying the judgment of conviction of section 209 to impose sentence under section 207 (simple kidnaping, a lesser included offense), and affirming the judgment of conviction for rape. We accept this suggestion. Petitioner will still be under a life sentence, but parole will be possible. Because the judgment was rendered by the superior court in another district, the technique of recalling the remittitur is not applicable.

We issue the writ of habeas corpus, directing modification of the judgment only to the extent of ordering the superior court to strike therefrom reference to conviction under section 209 of the Penal Code and to substitute therefor conviction of section 207 of the Penal Code. Since the conviction of rape has produced a sentence of life imprisonment, and other sentences merge therein, it will be unnecessary to resentence petitioner for conviction under section 207 of the Penal Code.

Rattigan, J., and Bray, J.,* concurred.

Respondent's petition for a hearing by the Supreme Court was denied November 1, 1972. Mosk, J., did not participate therein.

---

*Retired Presiding Justice of the Court of Appeal sitting under assignment by the Chairman of the Judicial Council.