[Crim. No. 5399. Fourth Dist., Div. One. Apr. 19, 1974.]

THE PEOPLE, Plaintiff and Respondent, v.
ALVIS J. BAILEY, Defendant and Appellant.

694

## Counsel

Elaine Alexander, under appointment by the Court of Appeal, for Defendant and Appellant.

Evelle J. Younger, Attorney General, Edward A. Hinz, Jr., Chief Assistant Attorney General, William E. James, Assistant Attorney General, Conrad D. Petermann and Jon F. Farrell, Deputy Attorneys General, for Plaintiff and Respondent.

## Opinion

**AULT, J.**—Defendant Alvis J. Bailey appeals from the judgment after a jury convicted him of all three crimes charged in the information: Count I, kidnaping with intent to commit robbery (Pen. Code, § 209); Count II, armed robbery (Pen. Code, § 211); and Count III, escape from custody in a state penal institution in violation of Penal Code section 4530, subdivision (a). He was sentenced to prison on all counts for the terms prescribed by law with the following stipulations: the punishment for Count I (kidnaping) being life imprisonment, the sentences on all three counts were ordered to run concurrently pursuant to Penal Code section 669; execution of sentence on Count II (armed robbery) was stayed, the stay to become permanent upon completion of sentence under Count I.

### Contentions on Appeal

Bailey raises the following issues on appeal:

1. The trial court erred in failing to instruct the jury on simple kidnaping, a lesser included offense of kidnaping for the purpose of robbery;

2. His conviction of escape in violation of subdivision (a) of Penal Code section 4530 must be reversed because the jury was not instructed on, and made no finding with regard to, the issue of force or violence—an essential element of the offense;

3. The imposition of sentence for kidnaping and escape violated Penal Code section 654, because both crimes were part of an indivisible transaction with the common purpose of escape.

### Facts

On September 14, 1972, Bailey was an inmate of Puerta La Cruz Conservation Camp, a minimum security facility operated by the State Depart-

ment of Corrections. He and other inmates were working on a firefighting crew at Boucher Lookout on Palomar Mountain. After the noon roll call, the crew broke for lunch and defendant walked away.

Mr. and Mrs. Dover were camping that day in a campground located one mile from Boucher Lookout. About 12:30 p.m. they caught sight of a man they positively identified as Bailey. At first he walked into the clear- ing, looked around and returned to the woods. The Dovers promptly de- cided to leave and while preparing to do so, saw him watching them. As they approached their camper Bailey ran toward them with a razor in his hand, grabbed Mrs. Dover by the front of her blouse, placed the razor blade close to her throat, and demanded transportation. Dover replied, "All right, I'll do what you want." The three then got into the cab section of the vehicle, with Mr. Dover taking the driver's seat and Bailey still hold- ing the razor to Mrs. Dover's throat. Bailey then asked what time it was. Mr. Dover told him it was 10 minutes to 1 and turned his wrist so Bailey could see his watch. Bailey stated he had about 10 minutes to get out of the area and then removed the watch from Dover's wrist.

Still holding the razor on Mrs. Dover, Bailey then directed Mr. Dover on which roads to take down the mountain. When they neared Escondido he made them stop, took Mr. Dover's wallet and then made Mrs. Dover get into the back of the camper with him. From that point on until they reached San Diego, he continued to give Mr. Dover directions by tapping on the window and pointing. During the entire episode he continued to hold the razor either in his hand or nearby.

During the trip Bailey made himself at home in the camper. He first removed his shirt, draped it over the window, and then asked Mrs. Dover to have sex with him. When she declined, he did not insist. He drank beer from the refrigerator and looked through the closet and other parts of the camper. He put on a shirt and sweater which belonged to Mr. Dover.

Bailey finally had the Dovers let him out near 421 - 21st Street in San Diego. He took with him Mr. Dover's watch, shirt and sweater, as well as $80 from his wallet. He left behind him his prison sweatshirt marked with the number which had been assigned to him. The Dovers were left un- harmed except for a few scratches which Mrs. Dover suffered when Bailey had first grabbed her.

At the trial Bailey frankly admitted leaving the camp without permis- sion but denied having had any contact whatsoever with the Dovers. He claimed that on the day of his escape he met three young persons who

supplied him with a new shirt and sweater and who then gave him a ride from the Boucher Lookout area to the Escondido shopping center; when they arrived about 12:45 p.m., his friend William Davis was there waiting to drive him to San Diego, according to their prearranged plans. He claimed he had never seen the Dovers before the criminal proceedings against him were instituted.

## DISCUSSION

### 1. FAILURE TO INSTRUCT ON SIMPLE KIDNAPING

■ The prosecution requested the trial court to instruct the jury on both simple kidnaping (Pen. Code, § 207) and kidnaping with intent to commit robbery (Pen. Code, § 209). The court refused to give the proposed instruction on simple kidnaping both initially and in response to a specific question about it from the jury after deliberation began.[1] Bailey contends this was reversible error. We agree in part.

---

[1]During deliberations the jury submitted a written note to the court which read: "The jury panel would like more information concerning the charge in Count One. Does the same law apply and would the charge be the same for: a. kidnapping; or b. kidnapping with intent to commit robbery; or c. kidnapping followed by robbery?"

In response to the question, the judge stated, "[T]he charge is kidnapping for the purpose of robbery, and the defendant either is guilty or not guilty of that charge. So whether he is guilty of some other offense or something else is immaterial."

He then read (with comments) the original instruction he had given on kidnaping to commit robbery which he had also, apparently on request, submitted to the jury in writing. The instruction read: "Any person who, with the specific intent to commit robbery, kidnaps any individual, is guilty of the crime of kidnaping to commit robbery. The specific intent to commit robbery must be present when the kidnaping commences. Robbery is the taking of personal property of any value in the possession of another, from his person or immediate presence, and against his will, accomplished by means of force or fear and with the specific intent permanently to deprive the owner of his property. Kidnaping is the unlawful movement by physical force of a person against his will and without his consent for a substantial distance where such movement is not merely incidental to the commission of the robbery and where such movement substantially increases the risk of significant physical injuries to such person over and above those to which such person is normally exposed in the commission of the crime of robbery itself. Kidnaping is the unlawful compulsion of another person against his will and without his consent and because of a reasonable apprehension of harm, to move for a substantial distance where such movement is not merely incidental to the commission of the robbery and where such movement substantially increases the risk of significant physical injuries to such person over and above those to which such person is normally exposed in the commission of the crime of robbery itself."

Several times in the discussion the judge, in effect, told the jury it must not be concerned with other kinds or types of kidnaping but must confine its inquiry to whether the defendant was guilty or not guilty of the crime of kidnaping to commit robbery.

■ In criminal cases, even in the absence of a request, the court must instruct on the general principles of law relevant to the issues raised by the evidence, i.e., those principles closely and openly connected with the facts before the court and which are necessary for the jury's understanding of the case. This obligation requires the court to instruct on lesser included offenses when the evidence raises a question as to whether all the elements of the charged offense are present. (*People* v. *Sedeno,* 10 Cal.3d 703, 715 [112 Cal.Rptr. 1, 518 P.2d 913]; *People* v. *Hood,* 1 Cal.3d 444, 449 [82 Cal.Rptr. 618, 462 P.2d 370].)

■ Simple kidnaping is a lesser offense included within the crime of kidnaping with the intent to commit robbery (*People* v. *Gallagher,* 164 Cal.App.2d 414, 419 [330 P.2d 464]). The aggravated offense requires the additional element of an intent to rob, an intent which must be formed before the kidnaping commences. If the intent to rob (even though carried out during the course of the kidnaping) is formed after the victim is seized, the offense, insofar as it relates to kidnaping is simple kidnaping and not kidnaping for the purpose of robbery. (*People* v. *Tribble,* 4 Cal.3d 826, 831-832 [94 Cal.Rptr. 613, 484 P.2d 589]; *In re Alvarado,* 27 Cal. App.3d 610, 612 [103 Cal.Rptr. 845].)

■ In Bailey's case, the undisputed evidence shows the robbery occurred after the kidnaping commenced. There is no direct evidence on the issue of when the intent to rob his victims was formed in Bailey's mind. Under the evidence the jury could have reasonably concluded the kidnaping was motivated by Bailey's desire to get away from Palomar Mountain and that the intent to rob was not formed until after the kidnaping began. In that event his crime would be simple kidnaping (Pen. Code, § 207), not kidnaping for the purpose of robbery (Pen. Code, § 209), and it was error for the trial court not to instruct on the lesser as well as the greater offense. (*People* v. *Sedeno, supra,* 10 Cal.3d 703, 715; *People* v. *Hood, supra,* 1 Cal.3d 444, 449.)

■ The question remains whether the error was prejudicial so that Bailey's conviction of kidnaping for the purpose of robbery may not stand. We believe it was. The rule recently announced in *People* v. *Sedeno, supra,* 10 Cal.3d 703, 721, is not applicable. While *Sedeno* involved a failure to instruct *sua sponte* on a lesser included offense, it specifically overruled the "necessarily prejudicial" holding of *People* v. *Modesto,* 59 Cal.2d 722 [31 Cal.Rptr. 225, 382 P.2d 33], a case in which an instruction on the lesser included offense was requested. Unlike *Sedeno* and *Modesto,* the jury in this case was not merely uninstructed on the lesser included offense, it was misinstructed. Here the trial court not only refused to give the in-

struction on the lesser included offense of simple kidnaping but, in response to a direct inquiry from the jury concerning simple kidnaping (see fn. 1), told the jury it could not consider kidnaping of any type or kind other than that charged. The evidence that Bailey was guilty of kidnaping was overwhelming, but it left considerable doubt as to whether he was guilty of the aggravated offense of kidnaping for the purpose of robbery. Nevertheless, the jurors were told and retold by the judge that they must either find Bailey guilty of the aggravated offense or acquit him entirely. Under these circumstances, the chance the average juror would vote for acquittal lies somewhere between slim and none. The prejudicial effect of the error is apparent.

■ Reversal of the conviction is not required since the evidence is clearly sufficient to support a conviction of simple kidnaping and this court has jurisdiction to so modify the judgment. (See *In re Alvarado, supra*, 27 Cal.App.3d 610, 615; *People* v. *Garcia*, 27 Cal.App.3d 639, 647-648 [104 Cal.Rptr. 69]; *People* v. *Aikin*, 19 Cal.App.3d 685, 706 [97 Cal. Rptr. 251]; *People* v. *Roman*, 256 Cal.App.2d 656, 662 [64 Cal.Rptr. 268].) Both parties agree, if relief is to be granted, it should be in the form of modifying the judgment to show a conviction of kidnaping in violation of Penal Code section 207.

### 2. THE INSTRUCTIONS ON ESCAPE

■ As the Attorney General concedes, Bailey's conviction of violating Penal Code section 4530, subdivision (a), (escape with force and violence), cannot stand because the jury was not instructed on, and made no finding concerning, the use of force or violence which constitutes an element of that offense. Use of force was the sole, contested factual issue in Count III and was not reached by any instruction which was given. Bailey has been deprived of a jury determination of a material issue and thus prejudiced by the court's error. Again no reversal is required. The People proved, and Bailey admitted, his escape from custody of the prison officials. Therefore, the judgment may properly be modified by reducing the Count III conviction to a violation of subdivision (b) of Penal Code section 4530 (simple escape).

### 3. DOUBLE PUNISHMENT

■ Bailey contends the imposition of sentences on both Count I (kidnaping) and Count III (escape) was double punishment in violation of Penal Code section 654. He argues both offenses were part of an indivisible transaction having a single objective: escape.

■ The prohibition against double punishment found in Penal Code section 654 applies where a course of conduct which violates more than one statute comprises an indivisible transaction. The divisibility of the transaction depends upon the intent and objective of the actor, and if all the offenses are incident to one objective, the defendant may be punished for only one offense. (*People* v. *Bauer,* 1 Cal.3d 368, 376 [82 Cal.Rptr. 357, 461 P.2d 637, 37 A.L.R.3d 1398].) Concurrent sentences ·are double punishment within the meaning of Penal Code section 654 (*People* v. *Quinn,* 61 Cal.2d 551, 555 [39 Cal.Rptr. 393, 393 P.2d 705]).

■ However, the reduction of Bailey's escape conviction to simple escape solves any problem of double punishment. Thus viewed, the escape was perfected before either the kidnaping or robbery began.

The judgment is modified by striking all reference to conviction under Penal Code section 209 (Count I) and by substituting therefor conviction under Penal Code section 207 (simple kidnaping); and by striking all reference to conviction under Penal Code section 4530, subdivision (a) (Count III) and substituting therefor conviction under Penal Code section 4530, subdivision (b) (simple escape). As modified the judgment is affirmed. The cause is remanded to the trial court for sentencing under the modified judgment.

Brown (Gerald), P. J., and Cologne, J., concurred.

A petition for a rehearing was denied May 14, 1974, and the judgment was modified to read as printed above. A second petition for a rehearing was denied May 31, 1974.