[No. A051015. First Dist., Div. Three. May 26, 1992.]

THE PEOPLE, Plaintiff and Respondent, v.
BLAINE COREY MULLINS, Defendant and Appellant.

COUNSEL

James F. Johnson, under appointment by the Court of Appeal, for Defendant and Appellant.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, John H. Sugiyama, Assistant Attorney General, Ronald E. Niver and Gloria F. DeHart, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

CHIN, J.—Blaine Corey Mullins appeals after the court convicted him of robbery (Pen. Code, § 211)[1] and attempted kidnapping for the purpose of robbery (§§ 664, 209, subd. (b)). The court sentenced him to 10 years in state prison, to be served concurrently with a 57-year term imposed in a separate criminal action.

On appeal, he contends that his conviction of an attempt to violate section 209, subdivision (b) (kidnapping for purpose of robbery), was error because a *completed* kidnapping is a necessary element of that offense. We conclude

---

[1]All further statutory references are to the Penal Code.

that a defendant may be convicted of an attempt to violate section 209, subdivision (b), where the kidnapping is thwarted by the victim's escape. Consequently, we affirm the judgment.

## FACTS

On December 10, 1989, at approximately 7:50 p.m., Elizabeth L. returned to her car in the parking lot of the Tanforan shopping center. When she got into her car, she placed her purse on the passenger side floor. As she was about to start the engine, appellant walked toward her shouting, "Lady, you dropped something. You dropped something." Instinctively, Elizabeth moved to lock her doors, but before she could do so, appellant opened the driver's door and forced his way into the car. Appellant tried to push Elizabeth into the passenger side of the bench seat, but she resisted by holding onto the steering wheel and kicking him. Appellant then drew a knife, held it in front of Elizabeth's face, and threatened, "I'm going to use this. I'm going to cut you." At that point Elizabeth let go of the steering wheel. Appellant put the knife against her side and ordered her to start the car. Elizabeth pleaded with appellant not to kill her and offered him the money in her purse. Appellant continued to order Elizabeth to start the car. However, when it became clear Elizabeth could not start the car from where she was sitting, appellant started the car himself. Appellant switched the knife to his left hand and began driving out of the parking lot. While still in the lot, appellant slowed to about 20 miles per hour to make a turn at a stop sign. Elizabeth seized this opportunity and jumped out of the car, taking her purse to buffer her fall. Appellant had driven about 150 feet before Elizabeth made her escape.

Elizabeth fell on her face when she jumped from the car, knocking out three teeth. She then ran to a nearby store and reported the incident. The management called the police on Elizabeth's behalf.

The next day, appellant drove Elizabeth's car to the home of his friend, Michele A. According to Michele, appellant told her he had purchased the car over the weekend. Two days later appellant was arrested for auto theft while driving Elizabeth's vehicle.

Appellant presented an alibi defense. He also took the stand and claimed he had purchased Elizabeth's car in San Francisco from a man named "Ray" for $800.

The trial court rejected appellant's alibi defense. However, the court did find that it had a reasonable doubt whether the distance traveled (150 feet) was sufficient to satisfy the asportation element of kidnapping for the

purpose of robbery. Consequently, the court found appellant *not* guilty of the offense charged in the information (kidnapping for the purpose of robbery under § 209, subd. (b)) but guilty of the lesser included offense of *attempted* kidnapping for the purpose of robbery. Defense counsel specifically agreed that the court could consider an attempt to violate section 209, subdivision (b), as a lesser included offense. The court acquitted appellant of the additional charge of simple kidnapping (§ 207), but made no finding on the count of *attempted* simple kidnapping, stating that "the attempted kidnapping is subsumed in the finding of guilty on the attempted kidnapping for the purposes of robbery."

## DISCUSSION

### *A Defendant May Be Convicted of an Attempt to Kidnap for the Purpose of Robbery*

Appellant raises an issue of first impression. No published California decision has determined whether a defendant may be convicted of *attempted* kidnapping for the purpose of robbery (§§ 664, 209, subd. (b)).[2] We conclude a defendant may be convicted of that offense.

Section 209, subdivision (b), provides that "[a]ny person who kidnaps or carries away any individual to commit robbery shall be punished by imprisonment in the state prison for life with possibility of parole." In part because of the severe penalty imposed for a violation of section 209, subdivision (b), the courts and Legislature have struggled to provide a workable test for distinguishing between kidnapping *for the purpose of robbery* and the distinct crimes of simple kidnapping and robbery.[3] (See generally, *People v. Daniels* (1988) 202 Cal.App.3d 671, 675-678 [248 Cal.Rptr. 753]; Note, *Struggling with California's Kidnaping to Commit Robbery Provision* (1976) 27 Hastings L.J. 1335, 1336-1356 (hereafter *Struggling with Kidnaping*).)

The watershed case in this struggle is *People v. Daniels* (1969) 71 Cal.2d 1119 [80 Cal.Rptr. 897, 459 P.2d 225]. There, the Supreme Court overruled earlier cases which had broadly interpreted section 209. Those cases had

---

[2]Indeed, a Lexis search indicates that only one published opinion even mentions this crime. (*People v. Welsh* (1936) 7 Cal.2d 209 [60 P.2d 124].) In that case the prosecutor charged the defendant with "attempted kidnaping for the purpose of robbery," but the jury acquitted on that charge. (*Id.*, at p. 210.) Consequently, the Supreme Court's opinion did not address the validity of the offense.

[3]While section 209, subdivision (b), imposes life imprisonment with the possibility of parole, the penalties for simple kidnapping are three, five, or eight years (§ 208) and for robbery, three, four, or six years (first degree) and two, three, or five years (second degree) (§ 213).

upheld convictions for kidnapping for purpose of robbery where there was even slight movement of a robbery victim. (See *People* v. *Wein* (1958) 50 Cal.2d 383, 399-400 [326 P.2d 457]; *People* v. *Chessman* (1951) 38 Cal.2d 166, 192 [238 P.2d 1001] ["It is the fact, not the distance, of forcible removal which constitutes kidnaping in this state. [Citations.]"].) The *Daniels* court noted that in 1951 the Legislature had amended section 209 specifically to add an asportation requirement. In the court's view, this amendment was intended to exclude "not only 'standstill' robberies [citation] but also those in which the movements of the victim are merely incidental to the commission of the robbery and do not substantially increase the risk of harm over and above that necessarily present in the crime of robbery itself. [Citations.]" (*People* v. *Daniels, supra,* 71 Cal.2d at p. 1139.)

Since *Daniels,* the courts have applied a two-part test to determine if the asportation of an intended robbery victim is sufficient to convict a defendant of violating section 209, subdivision (b). First, the movement of the victim must be more than merely "incidental" to the underlying robbery. Second, the movement must substantially increase the risk of harm over and above that necessarily present in the robbery itself. (*In re Earley* (1975) 14 Cal.3d 122, 127-128 [120 Cal.Rptr. 881, 534 P.2d 721]; *People* v. *Stanworth* (1974) 11 Cal.3d 588, 599 [114 Cal.Rptr. 250, 522 P.2d 1058]; *People* v. *Daniels, supra,* 202 Cal.App.3d at pp. 678-682; *Struggling with Kidnaping, supra,* 27 Hastings L.J. at p. 1355.)

Here, the trial court specifically found that the movement (approximately 150 feet) was not sufficient to constitute kidnapping for the purpose of robbery. Although we might have come to a different conclusion had we been the fact finder in this case, this finding binds us on appeal.[4]

Nevertheless, the trial court also concluded that appellant's intent was to move Elizabeth much farther and that he was prevented from doing so only

[4]The record shows some confusion on the trial court's part. Initially, the court stated: "In the People v. Daniels case [202 Cal.App.3d 671], . . . it seems . . . that the court is suggesting that the test of whether a movement was—for a substantial distance was the increased harm to the victim, the extent to which the harm or the risk of harm to the victim was increased by the movement . . . . [¶] And I guess I have to say very honestly that if after debating this with myself as long as I have, . . . if I am so undecided, then I must have reasonable doubt as to whether or not the distance was substantial enough to constitute kidnapping. . . . [¶] . . . [T]here's just not a great deal of difference between the robbery having taken place at a parked car, or where [s]he jumped out." This statement implies that the court found the asportation had not substantially increased the risk of harm to Elizabeth over and above that present in the underlying robbery.

Later, however, the court suggested the contrary: "[T]he court feels that . . . the distance was not a substantial distance, even though such movement substantially increased the risk of significant physical injuries to her . . . ." Whatever the reason for the court's finding, we are, of course, bound by the decision to acquit on the greater offense.

by her successful escape. Consequently, the court found appellant guilty of the lesser included offense of *attempted* kidnapping for the purpose of robbery. We believe the court properly convicted appellant of the attempt.

Section 664 provides that "[e]very person who attempts to commit any crime, but fails, or is prevented or intercepted in the perpetration thereof, is" guilty of an attempt to commit the incomplete crime. This is precisely what occurred in the present case. Here, the trial court found that appellant had the specific intent necessary for the crime of kidnapping for the purpose of robbery. Moreover, the court found (at least implicitly) that appellant *would* have moved Elizabeth (1) in a manner that was not merely incidental to the robbery and (2) to a place or in a manner which would have substantially increased the risk of harm over and above that necessarily present in the robbery (*In re Earley, supra,* 14 Cal.3d at pp. 127-128) had Elizabeth's escape not prevented him from doing so.

Contrary to appellant's assertion, there is nothing in section 209, subdivision (b), or the nature of kidnapping for the purpose of robbery which makes it impossible to attempt that offense.[5] ■ To convict, the fact finder must find beyond a reasonable doubt that the defendant had the specific intent required for kidnapping to commit robbery and that the movement, if completed as the defendant intended, would have been more than merely incidental to the underlying crime of robbery and would have substantially increased the risk of harm over and above that necessarily present in the robbery.

### The Acquittal of Simple Kidnapping

■ Appellant next contends that we must reverse his conviction for attempting to violate section 209, subdivision (b), because the trial court acquitted him of *simple* kidnapping (§ 207). We reject this argument.

The information charged appellant with both simple kidnapping (§ 207, subd. (a)) and kidnapping for the purpose of robbery (§ 209, subd. (b)). After the trial court stated it was finding appellant guilty of attempted kidnapping

---

[5]Citing *People* v. *Bean* (1989) 213 Cal.App.3d 639 [261 Cal.Rptr. 784], appellant contends that the statutory definition of kidnapping to commit robbery precludes an attempt because it only punishes a person "who *kidnaps* . . . any individual to commit robbery . . . ." (§ 209, subd. (b).) *Bean* is inapposite. There the court found an attempt to violate section 666 (petit theft with a prior) to be a legal impossibility because the statute required that the defendant be "subsequently *convicted* of petit theft. . . ." (Italics added.) As the court put it, "[o]ne cannot 'attempt' . . . to be *convicted* of petit theft." (*Bean, supra,* at p. 642, fn. 4, original italics.) By contrast, one *can* attempt to kidnap a person to commit robbery but fail to complete the offense.

for the purpose of robbery (§§ 664, 209, subd. (b)), the following colloquy took place: "The Court: . . . As to count I [the simple kidnapping charge], I suppose I'd have to make a finding of not guilty, and the court so makes on the basis that it feels that it cannot say there was a substantial distance involved in this. . . . ·

"[The Prosecutor]:   What about the lesser included of kidnapping?

"The Court:   Of attempted kidnapping?

"[The Prosecutor]:   Yes.

"The Court:   Well, I think the attempted kidnapping is subsumed in the finding of guilty on the attempted kidnapping for the purposes of robbery."

Defense counsel agreed with the court's position, stating: "I don't think you can find him guilty of the lesser [attempted simple kidnapping], when you found him guilty of the greater offense; to wit, attempted kidnapping for robbery."

The court replied: "I don't think I need to address it. . . . [¶] And I want the record to be clear that the court finds that [Mrs. L.] was moved by use of physical force. The movement was done with the specific intent from the commencement to rob her and the defendant had that required intent; that it was without her consent. [¶] But the court feels that . . . the distance was not a substantial distance, even though such movement substantially increased the risk of significant physical injuries to her, the fact that she acted intelligently and helped herself out . . . by jumping from the car."

Appellant argues that because simple kidnapping is a necessarily included offense of kidnapping to commit robbery (*People* v. *Bailey* (1974) 38 Cal.App.3d 693, 699 [113 Cal.Rptr. 514]), his acquittal of that charge precludes any finding that he could be guilty of the greater offense. His reasoning seems to rest on the test for a necessarily included offense, which is "simply that where an offense cannot be committed without necessarily committing another offense, the latter is a necessarily included offense. [Citation.]" (*People* v. *Greer* (1947) 30 Cal.2d 589, 596 [184 P.2d 512], fn. omitted, quoted in *People* v. *Pearson* (1986) 42 Cal.3d 351, 355 [228 Cal.Rptr. 509, 721 P.2d 595].)

However, appellant's argument overlooks the fact that he was convicted of attempted kidnapping to commit robbery, not the completed crime, and that he was *not* acquitted of *attempted simple* kidnapping. To the contrary, the

court found that the attempted simple kidnapping was "subsumed" within the finding that appellant was guilty of the attempted kidnapping for the purposes of robbery. In other words, the court found that appellant *was* guilty of attempted simple kidnapping, as a necessary incident of the finding that appellant was guilty of the greater offense of attempted kidnapping for the purposes of robbery. There is no inconsistency in the trial court's decision.

The judgment is affirmed.

Merrill, Acting P. J., and Werdegar, J., concurred.

Appellant's petition for review by the Supreme Court was denied August 20, 1992.